```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
THE POLICE AND FIRE RETIREMENT
SYSTEM OF THE CITY OF DETROIT,
Individually and on Behalf of All
Others Similarly Situated,

                Plaintiff,           MEMORANDUM OPINION
                                     AND ORDER

        -against-
                                     10 Civ. 4429 (MGC)

GOLDMAN, SACHS & CO., GOLDMAN
SACHS MORTGAGE COMPANY, GS
MORTGAGE SECURITIES CORP., DANIEL
L. SPARKS, MICHELLE GILL, and
KEVIN GASVODA,

                Defendants.

-----------------------------------X

APPEARANCES:

        WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
        Attorneys for Plaintiff
        270 Madison Avenue
        New York, New York 10016

        By:  Lawrence P. Kolker, Esq.
             Michael Liskow, Esq.

        KOHN, SWIFT & GRAF, PC
        Attorneys for Plaintiff
        One South Broad Street, Suite 2100
        Philadelphia, Pennsylvania 19107

        By:  Joseph C. Kohn, Esq.
             Denis F. Sheils, Esq.
             Barbara L. Moyer, Esq.

        SULLIVAN & CROMWELL LLP
        Attorneys for Defendants
        125 Broad Street
        New York, New York 10004
```

```
          By:   Richard H. Klapper, Esq.
                Theodore Edelman, Esq.
                Michael T. Tomaino, Jr., Esq.
                D. Andrew Pieto, Esq.
                Matthew A. Peller, Esq.
```

**Cedarbaum, J.**

Police and Fire Retirement System of the City of Detroit ("PFRS") sues Goldman, Sachs & Co., Goldman Sachs Mortgage Co., GS Mortgage Securities Corp., and three individuals (collectively, "Defendants") for violations of Sections 11 and 15 of the Securities Act of 1933.  Defendants move to dismiss the amended complaint on the grounds that it is barred by the applicable statute of limitations, that it fails to state a claim upon which relief can be granted, and that PFRS lacks standing.  I heard oral argument on the motion on April 17, 2012.

On June 15, 2007, PFRS purchased mortgage-backed certificates from Class 6A-1 of the GSR Mortgage Loan Trust 2007-4F.  According to the complaint, PFRS sold its certificates on October 5, 2009, at a loss of $165,877.05.  PFRS alleges that Defendants made numerous misrepresentations in the offering documents that created the impression that investing in the Loan Trust was less risky than it actually was.  Defendants counter that PFRS suffered no injury because the 6A-1 certificates have made all scheduled payments, both during the time PFRS owned

2

them and after PFRS sold.  PFRS alleges that it suffered injury when the certificates were downgraded by the ratings agencies, thus making them less valuable.  However, given that the certificates have never missed a payment and that the downgrade occurred during the midst of the housing crisis, this is not enough to show injury.

PFRS has failed to allege that any of the misrepresentations specified in the complaint applied to the particular mortgages underlying the certificates it purchased. The motion to dismiss is granted with leave to PFRS to file an amended complaint by no later than July 9, 2012, setting out with specificity how the alleged misrepresentations made by Defendants affected the value of the particular certificates it purchased.

The Clerk of the Court is directed to close the motion.

SO ORDERED.

Dated:    New York, New York
          May 31, 2012

                                    S/_____
                                       MIRIAM GOLDMAN CEDARBAUM
                                      United States District Judge