**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
THE POLICE AND FIRE RETIREMENT : 
SYSTEM OF THE CITY OF DETROIT, : 
Individually and on Behalf of All Others : 
Similarly Situated,                 :  Case No. 10-CV-4429 (MGC)
: 
        Plaintiff,         : 
: 
vs.                                  : 
: 
GOLDMAN, SACHS & CO.,                : 
GOLDMAN SACHS MORTGAGE               : 
COMPANY, GS MORTGAGE                 :  **ORAL ARGUMENT REQUESTED**
SECURITIES CORP., DANIEL L.          : 
SPARKS, MICHELLE GILL, and KEVIN     : 
GASVODA,                             : 
: 
        Defendants.       : 
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO AMEND THE SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**CASES**                                                                                                        **Page(s)**

TABLE OF AUTHORITIES ................................................................................................................ ii

SUMMARY OF THE ARGUMENT ................................................................................................. 1

STATEMENT OF THE FACTS ........................................................................................................ 2

STANDARD ON THIS MOTION .................................................................................................... 4

ARGUMENT ...................................................................................................................................... 5

I.   PLAINTIFF HAS STANDING TO REPRESENT PURCHASERS
     OF OFFERINGS CONTAINING LOANS BY COMMON ORIGINATORS ................... 5

II.  LEAVE TO AMEND IS APPROPRIATE UNDER THE FEDERAL RULES ................. 6

III. PLAINTIFF'S CLAIMS STEMMING FROM THE 2007-0A1
     AND 2007-8 TRUSTS ARE TIMELY .............................................................................. 9

     A.   The Claims Are Permitted Under The Relation Back Doctrine ............................. 9

     B.   The Statute of Repose Has Been Tolled ............................................................... 10

CONCLUSION ................................................................................................................................. 12

## TABLE OF AUTHORITIES

**CASES**                                                                                                                                                          **Page(s)**

*American Pipe & Construction Co. v. Utah*,
   414 U.S. 538 (1974)..................................................................................................11

*City of New York v. Group Health Inc.*,
   649 F.3d 151 (2d Cir. 2011)........................................................................................7

*Duling v. Gristede's Operating Corp.*,
   265 F.R.D. 91 (S.D.N.Y. 2010) ...................................................................................8

*Ellis v. Blum*,
   643 F.2d 68 (2d Cir. 1981)..........................................................................................6

*Encarnacion ex rel. George v. Barnhart*,
   180 F. Supp. 2d 492 (S.D.N.Y. 2002).........................................................................9

*Gortat v. Capala Bros.*,
   No. 07-3629-ILG-SMG, 2011 WL 6945186 (E.D.N.Y. Dec. 30, 2011) ....................7

*Joseph v. Wiles*,
   223 F.3d 1155 (10th Cir. 2000) ................................................................................12

*In re Lehman Bros. Sec. & ERISA Litig.*,
   800 F. Supp. 2d 477 (S.D.N.Y. 2011).......................................................................11

*Int'l Fund Mgmt. S.A. v. Citigroup Inc.*,
   822 F. Supp. 2d 368 (S.D.N.Y. 2011).......................................................................12

*Miller v. Selsky*,
   No. 00-0157, 2000 WL 1727880 (2d Cir. Nov. 21, 2000) .........................................9

*Murphy v. Suffolk County Cmty. College*,
   No. 10-0251-LDW-AKT, 2011 WL 5976082 (E.D.N.Y. Nov. 29, 2011) .................8

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
   693 F.3d 145 (2d Cir. 2012) ("*NECA*") ............................................................ passim

*N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*,
   No. 08-CV-5653-PAC, 2010 WL 1473288 (S.D.N.Y. Mar. 29, 2010).......................2

*N.J. Carpenters Health Fund v. NovaStar Mortg., Inc.*,
   No. 08-5310-DAB, 2011 WL 1338195 (S.D.N.Y. Mar. 31, 2011) ............................2

*Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust v.*
*J.P. Morgan Acceptance Corp. I*,
   No. 08-1713-ERK-WDW, 2011 WL 6182090 (E.D.N.Y. Dec. 13, 2011) ................................12

*Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust v.*
*J.P. Morgan Acceptance Corp. I*,
   No. 08-1713-ERK-WDW, 2012 WL 4053716 (E.D.N.Y. Sept. 14, 2012) ...........................9, 10

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*,
   46 F.3d 230 (2d Cir. 1995) ..................................................................................................... 7

*Rogers v. White Metal Rolling & Stamping Corp.*,
   249 F.2d 262 (2d Cir. 1957) ................................................................................................... 3

*Slayton v. Am. Express Co.*,
   460 F.3d 215 (2d Cir. 2006) .................................................................................................11

*State Teachers Retirement Bd. v. Fluor Corp.*,
   654 F.2d 843 (2d Cir. 1981) ................................................................................................... 8

*Sys. Fed'n No. 152, Ry. Emps.' Dep't AFL-CIO v. Pa. R.R. Co.*,
   272 F. Supp. 971 (S.D.N.Y. 1967) ......................................................................................... 7

*Tuosto v. Philip Morris USA Inc.*,
   672 F. Supp. 2d 350 (S.D.N.Y. 2009) .................................................................................... 7

*Vanguard Sav. and Loan Ass'n v. Banks*,
   No. 93-4627, 1995 WL 379999 (E.D. Pa. June 27, 1995) ..................................................... 7

**STATUTES AND RULES**

Federal Rule of Civil Procedure
   Rule 15(a)(2) ................................................................................................................ 2, 5, 7
   Rule 15(c)(1)(B) .............................................................................................................10, 11

Private Securities Litigation Reform Act of 1995 (PSLRA) ........................................................ 5

Plaintiff, the Police and Fire Retirement System of the City of Detroit ("PFRS"), respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to amend the Second Amended Class Action Complaint ("SAC").  This motion addresses the Second Circuit's recent decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("*NECA*"), which allows PFRS to represent purchasers of additional mortgage-backed securities ("MBS") as part of a class action.

## SUMMARY OF THE ARGUMENT

Plaintiff makes the instant motion in response to the Second Circuit's recent decision in *NECA*, which established the law in this Circuit as to the circumstances under which a purchaser of a mortgage-backed securities certificate may assert class claims alleging Section 11 violations on behalf of purchasers of different MBS certificates.  In *NECA*, the Second Circuit held that purchasers of MBS certificates can assert class claims on behalf of other MBS purchasers whose certificates were issued pursuant to the same shelf registration statement, and were "backed by mortgages originated by the same lenders that originated the mortgages backing plaintiff's certificates."  693 F.3d at 148.

The *NECA* decision overruled decisions holding that a plaintiff has "standing" to represent only those MBS purchasers who purchased certificates from the same offering as the plaintiff.  *See, e.g., N.J. Carpenters Health Fund v. NovaStar Mortg., Inc.*, No. 08-5310-DAB, 2011 WL 1338195, at *6 (S.D.N.Y. Mar. 31, 2011) (Batts, J.); *N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*, No. 08-CV-5653-PAC, 2010 WL 1473288, at *3-4 (S.D.N.Y. Mar. 29, 2010).  Here, PFRS had followed

this Court's decision in *NECA* by limiting its lawsuit to encompass only purchasers of the same offering that it purchased, the GSR Mortgage Loan Trust 2007-4F ("2007-4F Trust").  *See, e.g.,* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint, ECF 35 at 34 ("Plaintiff merely alleges a claim on behalf of purchasers of all Certificates in Offering").  Now, in light of the Second Circuit's decision in *NECA*, PFRS respectfully requests the Court's authorization to amend the Second Amended Complaint ("SAC") to include Securities Act claims on behalf of purchasers of certificates from two additional offerings that share originators with the loans underlying Plaintiff's 2007-4F Trust certificates ("the 2007-4F Certificates").[1]  *See Rogers v. White Metal Rolling & Stamping Corp.*, 249 F.2d 262, 264 (2d Cir. 1957) (leave to amend should be granted where "the controlling law has been altered or clarified").

## STATEMENT OF THE FACTS

On June 15, 2007, PFRS purchased MBS certificates from the GSR 2007-4F Trust.[2]  Compl. ¶ 9.[3]  The Certificates were purchased pursuant to Goldman, Sachs &

---

[1]  The proposed Third Amended Complaint is attached as Exhibit A to the Liskow Declaration.  Exhibit B to the Liskow Declaration is a redline comparison between the SAC and the proposed amended complaint, which illustrates how Plaintiff's proposed amendments are limited to allegations regarding the additional offerings whose purchasers Plaintiff now has standing to represent.  Accordingly, none of the issues addressed in Defendants' pending motion to dismiss the SAC would be affected by a grant of this motion.

[2]  Mortgage-backed securities ("MBS") are securities that represent the right to collect cash flows from pools of mortgage loans.  MBS are created when a sponsor, here Goldman Sachs Mortgage Company, gathers a group of loans by originating loans or purchasing loans from other originators.  SAC ("Compl.") ¶ 11.  The sponsor then assembles the loans into smaller groups or "pools."  Next the sponsor issues securities, or certificates, that represent claims on the principal and interest payments made by borrowers on the loans in the pool, a process known as securitization.  Like other securities, each MBS is issued pursuant to a registration statement and prospectus.

Co.'s January 31, 2007 registration statement ("Registration Statement"), as well as other documents which were expressly incorporated by reference into the Registration Statement. Compl. ¶ 9. The two Trusts at issue in this motion, the GSAA Home Equity Trust 2007-8 ("2007-8 Trust") and the GSR Mortgage Loan Trust 2007-0A1 Trust ("2007-0A1 Trust"), were issued pursuant to the same Registration Statement.

On December 11, 2008, NECA-IBEW Health & Welfare Fund ("NECA") filed a complaint (the "NECA Complaint") on behalf of a class of all those who acquired securities issued pursuant to the Registration Statement, alleging that the Registration Statement and the related prospectuses were false and misleading. *See* NECA Compl. ¶ 1, Case No. 08-10783 (S.D.N.Y), Dkt. No. 1. As a purchaser of securities issued pursuant to the Registration Statement, Plaintiff was included in the putative class as defined in the NECA Complaint. *Id.* The NECA action was filed prior to the issuance of most of the decisions overruled by the Second Circuit in *NECA*. The NECA Complaint named the 2007-4F, 2007-0A1 and 2007-8 Trusts as defendants, as well as the other fourteen trusts that were issued under the Registration Statement. Plaintiff reasonably relied on the capability of NECA, an institutional investor, to successfully prosecute the case on behalf of the Plaintiff and the putative class.

The NECA litigation proceeded for two years with NECA representing the claims of purchasers of 2007-4F Certificates. NECA Action, Dkt. Nos. 1-84. This Court heard oral arguments on Goldman Sachs' motion to dismiss on January 28, 2010, and issued a ruling dismissing the claims against the trusts that NECA did not purchase and

---

³   All references to "Compl. ¶ ___" are to Plaintiff's Second Amended Complaint filed on July 9, 2012, Case No. 10-CV-4429 (MGC), Dkt. 47.

granting leave to file an amended complaint.  *See* NECA Action Dkt. No. 85.  On March 31, 2010, in accordance with the Court's Order, NECA amended its complaint.  NECA Action, Dkt. No. 88.  However, for the first time, NECA asserted claims only on behalf of purchasers of the two trusts NECA had purchased, and not on behalf of purchasers of all of the trusts named in the initial NECA Complaint and the PSLRA Notice.  *Compare* NECA Action, Dkt. Nos. 41 and 71 *with* 88.

The new NECA complaint no longer asserted claims on PFRS's behalf.  Therefore, on April 26, 2010, Plaintiff moved to intervene under Fed. R. Civ. P. 24 to represent the claims of purchasers of the 2007-4F Certificates.  NECA Action, Dkt. No. 89.  On May 27, 2010, the Court denied the motion to intervene because it was uncertain whether the NECA action would move forward, and instead recommended that Plaintiff file an independent action.  NECA Action, Dkt. No. 94.  Plaintiff did so on June 3, 2010.

On September 13, 2011, the Court dismissed Plaintiff's initial complaint with leave to amend.  Dkt. No. 29.  After Plaintiff filed its First Amended Complaint ("FAC"), the Court dismissed the FAC, again with leave to amend, on May 31, 2012.  Dkt. No. 46.

In response, on July 9, 2012, Plaintiff filed its Second Amended Complaint.  Dkt. No. 47.  On September 21, 2012, Defendants moved to dismiss Plaintiff's SAC, which motion is currently pending before the Court.  Dkt. No.  48.

## **STANDARD ON THIS MOTION**

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend a complaint after the first amendment should be given "freely . . . when justice so requires."  And while the grant or denial of a motion to amend is "within the discretion of

4

the trial court," leave to amend should be given where "the controlling law has been altered or clarified."  *Rogers*, 249 F.2d at 264; *see also Ellis v. Blum*, 643 F.2d 68, 85 (2d Cir. 1981) (court saw "no reason why . . . amendment [of the complaint] should not be permitted" where there was "change in the governing law").

## ARGUMENT

### I. PLAINTIFF HAS STANDING TO REPRESENT PURCHASERS OF OFFERINGS CONTAINING LOANS BY COMMON ORIGINATORS

The Second Circuit's holding in *NECA* makes clear that purchasers of MBS securities have standing to represent purchasers of other offerings that were issued under the same shelf registration statement, and were backed by a common originator of the loans underlying the purchasers' own certificates.  693 F.3d at 148.  Accordingly, Plaintiff has standing to represent purchasers of certificates of two trusts apart from the 2007-4F Certificates, the 2007-8 Trust and the 2007-0A1 Trust.

The loans underlying the 2007-4F Certificates purchased by Plaintiff, Collateral Group 6, were originated by, *inter alia*, Countrywide Home Loans, Inc. ("Countrywide"), and Fifth Third Mortgage Company ("Fifth Third").  *See* Liskow Decl., Ex. C at S-B-84.  Of the loans underlying the 2007-8 Trust, 32.33% were originated or acquired by Fifth Third.  *See* Liskow Decl., Ex. D at S-8 (2007-8 Trust Prospectus Supplement dated July 23, 2007).  Also, an undisclosed number of loans underlying the 2007-0A1 Trust were originated by Countrywide.  *See* Liskow Decl., Ex. E at S-8 (2007-0A1 Trust Prospectus Supplement dated May 7, 2007).  This is all that *NECA* requires for a plaintiff to demonstrate "class standing" necessary to raise claims on behalf of purchasers of certificates from the 2007-8 and 2007-0A1 Trusts.  693 F.3d at 158.

## II.     LEAVE TO AMEND IS APPROPRIATE UNDER THE FEDERAL RULES

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint after an initial amendment should be given "freely . . . when justice so requires." *See also Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) ("amendment should normally be permitted, and [a] refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The rule in our circuit is to allow a party to amend its complaint unless the nonmovant demonstrates prejudice or bad faith." *City of New York v. Group Health Inc.*, 649 F.3d 151, 157 (2d Cir. 2011) (citing *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010)).

The Second Circuit has also held that "justice requires" leave to amend where "the controlling law has been altered or clarified." *Rogers*, 249 F.2d at 264; *see also, e.g., Tuosto v. Philip Morris USA Inc.*, 672 F. Supp. 2d 350, 366 (S.D.N.Y. 2009) (leave to amend granted where there was "intervening clarification of . . . law," and because of "liberal precepts" of Rule 15(a)(2)); *Sys. Fed'n No. 152, Ry. Emps.' Dep't AFL-CIO v. Pa. R.R. Co.*, 272 F. Supp. 971, 974 (S.D.N.Y. 1967) (leave to amend "particularly" appropriate in situations where there is an intervening change in the law); *Gortat v. Capala Bros.*, No. 07-3629-ILG-SMG, 2011 WL 6945186, at *10 (E.D.N.Y. Dec. 30, 2011) (leave to amend granted where plaintiff initially waived right to liquidated damages as required by then prevailing law, but then law changed to allow liquidated damages); *Vanguard Sav. and Loan Ass'n v. Banks*, No. 93-4627, 1995 WL 379999, at *2 (E.D. Pa. June 27, 1995) ("Under Rule 15(a), if a party moves to amend its pleading to comply with a recent change in the applicable law, the court should freely grant the

6

motion."). Here, the Second Circuit has altered and clarified the law as previously interpreted by its district courts.

Defendants are unable to demonstrate that they would be prejudiced if Plaintiff was granted leave to amend. First, Defendants have been on notice of potential claims stemming from the 2007-8 and 2007-0A1 Trusts since these Trusts were named as defendants in the *NECA* action, in which Plaintiff attempted to intervene. NECA Action, Dkt. No. 89. Therefore Defendants cannot now claim to be surprised by the addition of allegations relating to these two Trusts. *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 102 (S.D.N.Y. 2010) ("Addition of the new claims will not prejudice defendants because the proposed claims are 'related closely to the original claim[s].'") (quoting *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *Murphy v. Suffolk County Cmty. College*, No. 10-0251-LDW-AKT, 2011 WL 5976082, at *3 (E.D.N.Y. Nov. 29, 2011) ("the record reflects that the Defendant was on notice of [the] claim early on in the . . . proceedings and so the claim [in the proposed amended complaint] comes as no surprise"). Also, the absence of prejudice is demonstrated by the fact that the case is still at a nascent stage, with no discovery having been taken, or a date for summary judgment motions or trial having been set. *See State Teachers*, 654 F.2d at 856 (no prejudice when "[a]t the time plaintiffs requested leave to amend, no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants."); *Murphy*, 2011 WL 5976082, at *4 ("procedural posture of the case weighs in favor of permitting amendment [where] discovery was in its early stages").

7

Defendants are further unable to show that Plaintiff waited too long after the *NECA* decision, in bad faith or otherwise, to make this motion. The *NECA* decision was only decided in September of this year, and immediately following the decision Plaintiff diligently began analyzing *NECA*'s effect on Plaintiff's ability to bring claims on behalf of purchasers of other offerings, as well as whether such claims were meritorious. *See Rachman*, 46 F.3d at 235 (allowing amendment four years after the original pleading because plaintiff's tardiness "may well have been due to its uncertainty as to what issue to focus on rather than bad faith"). And in any event, "[d]elay alone is insufficient to justify the denial of a motion to amend." *Encarnacion ex rel. George v. Barnhart*, 180 F. Supp. 2d 492, 497 (S.D.N.Y. 2002) (citing *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993)). A party may even "amend a complaint after discovery has been completed and defendants have filed summary judgment motions, even when the basis for the amendment existed at the time of the original complaint." *Miller v. Selsky*, No. 00-0157, 2000 WL 1727880, at *2 (2d Cir. Nov. 21, 2000) (citing *Hanlin v. Mitchelson*, 794 F.2d 834 (2d Cir. 1986)). By contrast, the present case still has yet to progress beyond the pleadings stage, and discovery has not begun.[4]

The court in *Plumbers' & Pipefitters' Local #562 Supplemental Plan & Trust v. J.P. Morgan Acceptance Corp. I*, No. 08-1713-ERK-WDW, 2012 WL 4053716 (E.D.N.Y. Sept. 14, 2012), recently amended its prior dismissal order *sua sponte* following *NECA* because "the Lead Plaintiff has standing to assert claims of purchasers of Certificates from the other thirty trusts enumerated in . . . the amended complaint." *Id.*

---

[4] Plaintiff notes that the instant motion has no effect on the motion to dismiss the SAC currently pending before the Court. That motion can be decided without regard to whether the SAC should ultimately be amended, because it raises claims focused solely on the 2007-4F Certificates that Plaintiff purchased.

8

at *1.  The facts in *J.P. Morgan* parallel those in the present case, with the plaintiffs alleging, *inter alia*, misrepresentations of underwriting and appraisal standards in the sale of MBS certificates.  Accordingly, "justice requires" that the Court follow *J.P. Morgan*'s lead and allow Plaintiff to amend the SAC to add allegations regarding the 2007-0A1 and 2007-8 Trusts.

### III. PLAINTIFF'S CLAIMS STEMMING FROM THE 2007-0A1 AND 2007-8 TRUSTS ARE TIMELY

The allegations based on the 2007-0A1 and 2007-8 Trusts that Plaintiff moves to include in the proposed TAC are timely under both the Relation Back doctrine and the Statute of Repose.

#### A. The Claims Are Permitted Under The Relation Back Doctrine

The Relation Back doctrine permits the type of amended claims Plaintiff seeks to assert as set forth in the proposed TAC.  Federal Rule of Civil Procedure 15(c)(1)(B) states that "[a]n amendment to a pleading relates back to the date of the original pleading when (B) the amendment asserts a claim or defense that arose out of the *conduct, transaction, or occurrence* set out – or attempted to be set out – in the original pleading." (Emphasis added).  "The purpose of 'Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.'"  *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (quoting *Siegel v. Converters Transp., Inc.*, 714 F.2d 213, 216 (2d Cir. 1983)) (internal quotations omitted).  The "'central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations

9

by the general fact situation alleged in the original pleading.'" *Slayton*, 460 F.3d at 228 (quoting *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86 (2d Cir. 1999)).

In the instant case, the proposed allegations regarding the 2007-0A1 and 2007-8 Trusts "relate back" to prior complaints in the action because such allegations are grounded in the same "conduct, transaction or occurrence," namely the misrepresentations made by Defendants in the Trusts' offering documents, including the single shelf registration statement which undergirds each of the Trusts. *See* Fed. R. Civ. P. 15(c)(1)(B). Defendants have also been on notice of these claims since they were originally raised in the NECA action, in which Plaintiff unsuccessfully attempted to intervene in. NECA Action, Dkt. No. 89. Accordingly, these claims should be permitted under the Relation Back doctrine.

### B. The Statute of Repose Has Been Tolled

Plaintiff's newly raised claims in the proposed TAC are not barred by the statute of repose. Plaintiff's claims relating to the 2007-0A1 and 2007-8 Trusts, as well as to the 2007-4F Certificates that Plaintiff purchased, were originally raised in the NECA action, in the initial complaint filed December 11, 2008. This was well within the three year statute of repose, as the 2007-0A1 and 2007-8 Certificates were not issued to the public until May 2007 and July 2007, respectively. Because Plaintiff was an absent class member in the *NECA* action, *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) ("*American Pipe*") applied to toll claims as to all three of the Certificates.

Defendants may contend that *American Pipe* tolling does not apply to the statute of repose. However, the majority of courts in this District and elsewhere have held otherwise. *See*, *e.g.*, *In re Lehman Bros. Sec. & ERISA Litig.*, 800 F. Supp. 2d 477,

10

482 (S.D.N.Y. 2011) ("most courts that have addressed this issue have concluded that *American Pipe* does apply to toll statutes of repose") (collecting cases); *Int'l Fund Mgmt. S.A. v. Citigroup Inc.*, 822 F. Supp. 2d 368, 380 (S.D.N.Y. 2011) ("Tolling the statute of repose clearly serves the purposes of Rule 23 and the *American Pipe* doctrine."); *Joseph v. Wiles*, 223 F.3d 1155, 1167 (10th Cir. 2000) (same); *Plumbers' & Pipefitters' Local #562 v. J.P. Morgan Acceptance Corp. I*, No. 08-1713-ERK-WDW, 2011 WL 6182090, at *5 (E.D.N.Y. Dec. 13, 2011) (same).[5] This result makes sense because "[w]ithout tolling, class members content to remain in the class action would nevertheless need to bring their own suits within the three-year repose period to guard against the possible eventual denial of class certification" resulting in "'a needless multiplicity of actions—precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of American Pipe were designed to avoid.'" *Int'l Fund Mgmt. S.A.*, 822 F. Supp. 2d at 380 (quoting *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 351 (1983)). The weight of and better reasoned authority supports the view that the statute of repose with respect to the new claims in the proposed TAC is tolled by *American Pipe*.

---

[5] The Second Circuit has not yet passed on the issue of whether *American Pipe* tolling applies to the statute of repose, but may do so in the pending *In re IndyMac Mortgage-Backed Securities Litigation*, Case Nos. 11-2998, 11-3036, on which oral argument was conducted on December 5, 2012.

11

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court allow it to amend the SAC to add claims involving two additional Trusts.

Dated:  December 26, 2012
        New York, New York

Respectfully Submitted,

/s/ Lawrence P. Kolker
Lawrence P. Kolker
Michael Liskow
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
(212) 545-4600

Joseph C. Kohn
Denis F. Sheils
William E. Hoese
Barbara L. Moyer
KOHN, SWIFT & GRAF, PC
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-17000

*Attorneys for Plaintiff The Police and Fire Retirement System of the City of Detroit*

12