

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
NECA-IBEW HEALTH & WELFARE FUND, : Civil Action No. 1:08-cv-10783-MGC
Individually and On Behalf of All Others :
Similarly Situated, : "ECF Case"
:
Plaintiff, : CLASS ACTION
:
vs. :
:
GOLDMAN, SACHS & CO., et al., :
:
Defendants. :
------------------------------------------------------- x
:
POLICE AND FIRE RETIREMENT SYSTEM : Civil Action No. 10 Civ. 4429-MGC
OF THE CITY OF DETROIT, Individually :
and On Behalf of All Others Similarly Situated, : "ECF Case"
:
Plaintiff, : CLASS ACTION
:
vs. :
:
GOLDMAN, SACHS & CO., et al., :
:
Defendants. :
------------------------------------------------------- x

[PROPOSED] ORDER CERTIFYING A SETTLEMENT CLASS, PRELIMINARILY
APPROVING THE SETTLEMENT, AND PROVIDING FOR NOTICE

1065346_1

WHEREAS, plaintiffs NECA-IBEW Health and Welfare Fund ("NECA") and Police and Fire Retirement System of the City of Detroit (collectively, "Plaintiffs"), on behalf of the proposed Settlement Class, and Defendants Goldman, Sachs & Co., Goldman Sachs Mortgage Company, GS Mortgage Securities Corp., Daniel L. Sparks, Michelle Gill, and Kevin Gasvoda ("Defendants") (collectively, with Plaintiffs, the "Settling Parties"), have entered into a settlement of the above-captioned Actions, the terms of which are set forth in the Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Actions; and

WHEREAS, Plaintiffs have moved the Court for, and Defendants have not opposed, entry of an Order: (i) certifying a class in these Actions for settlement purposes only; (ii) approving the form, content and method of notice to be sent to the Settlement Class; and (iii) scheduling a hearing for final approval of the Settlement; and

WHEREAS, the Court having read and considered the Stipulation and exhibits thereto, including the proposed: (i) Notice; (ii) Proof of Claim and Release form ("Proof of Claim Form" or "Claim Form"); (iii) Summary Notice; and (iv) Order and Final Judgment, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order shall be deemed entered in each of the above-captioned Actions and the Clerk of the Court is directed to file a true copy of this Order in each of those Actions.

2. The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

3. The Court hereby preliminarily approves the Settlement as being fair, just, reasonable and adequate to the Settlement Class, pending a final hearing on the Settlement.

4. Pending further Order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice, or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in these Actions, except the Final Approval Hearing, are hereby taken off calendar.

5. The Court hereby certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as follows:

> All Persons who prior to December 11, 2008 purchased or otherwise acquired any of the Certificates in the Offerings and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants, originators of any loans underlying the Certificates, and Defendants' and the originators' successors and assigns, and the directors and officers of such entities at all relevant times, as well as members of such Persons' immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any excluded Person has or had a controlling interest, except that affiliates and entities in which such excluded Person has or had a controlling interest are excluded from the Settlement Class only to the extent that such entities themselves had a proprietary (*i.e.*, for their own account) interest in the Certificates and not to the extent that they held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class, and Investment Vehicles shall not be excluded from the Settlement Class; and (ii) Persons who have filed a timely and valid request for exclusion in accordance with the requirements set forth in the Notice, it being understood and agreed that those Persons who have filed individual actions to separately pursue claims against the Defendants relating to the Certificates or the Offerings are nevertheless required to file a timely and valid request for exclusion in order to be excluded from the Settlement Class.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are appointed as Class Representatives, and Robbins Geller Rudman & Dowd LLP is appointed as class counsel for the Settlement Class.

7. The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

(a) No later than Jan. 14, 2016 [ten (10) business days after entry of this Order], the Claims Administrator shall commence mailing a copy of the Notice and Proof of Claim Form, substantially in the form annexed hereto as Exhibits A-1 and A-2, respectively, by first-class mail, postage prepaid, to those Members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of Defendants and/or their agents (the "Notice Date");

(b) A summary notice (the "Summary Notice" or "Publication Notice"), substantially in the form annexed hereto as Exhibit A-3, shall be published once in the national edition of *Investor's Business Daily* and once over a national newswire service no later than Jan. 28, 2016 [fourteen (14) calendar days after the Notice Date]; and

(c) The Notice, the Summary Notice and the Claim Form shall also be placed on a Settlement website maintained by the Claims Administrator no later than Feb. 1, 2016 [sixteen (18) (16) calendar days after the Notice Date] (*eighteen*).

8. The Court approves the form, substance and requirements of the Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in Paragraph 7 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances. Unless otherwise ordered by the

Court or other court of competent jurisdiction, no Member of the Settlement Class will be relieved from the terms of the Settlement, including the releases provided therein, based upon the contention or proof that such Member of the Settlement Class failed to receive adequate or actual notice.

9. For the purpose of identifying and providing notice to the Settlement Class, on or before Jan. 7, 2016 [five (5) business days following entry of this Order], Defendants shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Plaintiffs, Plaintiffs' Counsel or the Claims Administrator) any lists it and/or its agent(s) have that identify potential Settlement Class Members (including names and addresses), in electronic form.

10. No later than thirty-five (35) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the clerk of the Court affidavits or declarations of the person(s) under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

11. Nominees who purchased Certificates for beneficial owners who are Settlement Class Members are directed to: (a) request within ten (10) business days of receipt of the Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) business days after receipt of the Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within ten (10) business days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with this Order,

Case 1:10-cv-04429-LAP   Document 93   Filed 12/30/15   Page 6 of 13
Case 1:08-cv-10783-LAP   Document 214-1   Filed 08/13/15   Page 6 of 1020

including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

12. Defendants are responsible for timely service of any notice required pursuant to the Class Action Fairness Act, 28 U.S.C. §1715.

13. The Court will hold a settlement hearing (the "Final Approval Hearing") on Apr. 13, 2016, at 10 a.m., [a date that is at least one-hundred (100) calendar days from the date of this Order] in the courtroom of the Honorable Miriam Goldman Cedarbaum at the United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007, Courtroom 14A, for the following purposes:

(a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b) to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered, dismissing the Actions on the merits and with prejudice, and whether the releases set forth in the Stipulation should be ordered;

(c) to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d) to determine whether the application by Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and

- 5 -
1065346_1

    (e) to rule upon such other matters as the Court may deem appropriate.

  14. The Court expressly reserves the right to adjourn the Final Approval Hearing, or any adjournment thereof, without any further notice to Settlement Class Members other than a notice to Settlement Class Members via the Settlement website. The Court further reserves the right to approve the Stipulation and/or the Plan of Allocation with modification approved by the parties to the Stipulation without further notice to Settlement Class Members. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Actions and with prejudice, at or after the Final Approval Hearing, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and Litigation Expenses.

  15. Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and Litigation Expenses shall be filed with the Court no later than Feb. 18, 2016 [thirty-five (35) calendar days after the Notice Date]. Reply papers shall be filed by Mar. 21, 2016, [sixty-~~five~~ seven (~~65~~ 67) calendar days after the Notice Date].

  16. Any Member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, adequate and in the best interests of the Settlement Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and Litigation Expenses. However, no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and Litigation Expenses, unless that Settlement Class Member or person has: (i) served written objections, by hand or first-class mail, including the basis

therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt no later than fifty (50) calendar days after the Notice Date:

>Lead Counsel for the Class
>
>ROBBINS GELLER RUDMAN & DOWD LLP
>Arthur C. Leahy, Esq.
>Lucas F. Olts, Esq.
>655 W. Broadway, Suite 1900
>San Diego, CA 92101-3301
>
>Counsel for Defendants
>
>SULLIVAN & CROMWELL LLP
>Richard H. Klapper, Esq.
>125 Broad Street
>New York, NY 10004-2498

and (ii) filed said objections, papers and briefs with the clerk of the United States District Court for the Southern District of New York no later than fifty (50) calendar days after the Notice Date. Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member; (b) a list and documentation of all of the Settlement Class Member's transactions involving the Certificates included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, the amount and date of each purchase or sale and the price paid and/or received, and documentation of any exchange transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; and (f) a statement of whether the objector intends to appear at the Final Approval Hearing. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Settlement Class Member who does not make his, her or its objection in the manner

provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and Litigation Expenses. By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement.

17.   If the Settlement is approved, all Settlement Class Members shall be bound by all determinations and judgments in the Actions, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail the request in written form to the address designated in the Notice, such that it is received no later than fifty (50) calendar days after the Notice Date. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the proposed settlement of the class actions captioned *NECA –IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, Civil Action No. 1:08-cv-10783-MGC (S.D.N.Y.), and/or *Police and Fire Retirement System of the City of Detroit v. Goldman, Sachs & Co.*, Civil Action No. 10 Civ. 4429-MGC, and must be signed by such person. Such persons requesting exclusion are also directed to provide the following information: (i) identity and original face value of Certificates included in the Settlement Class definition and the Settlement Class Member's transactions therein; (ii) prices or other consideration paid or received for such Certificates; and (iii) whether the

Certificates were exchanged or sold, and if so, when, and, if applicable, the sale amount. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

18. Any person or entity that requests to be and is excluded from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

19. In order to be potentially eligible to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class Member must take the following actions and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form attached hereto as Exhibit A-2, must be submitted to the Claims Administrator, at the address or Post Office Box indicated in the Notice, postmarked no later than May 13, 2016 [a date that is at least 120 calendar days from the Notice Date]. Such deadline may be further extended by Court order. A Claim Form shall be deemed to be submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions in the Notice.

(b) The Claim Form submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the

- 9 -

1065346_1

Claims Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Settlement Class Member must be included with the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

(c)  Once the Claims Administrator has considered a timely submitted Proof of Claim, the Claims Administrator shall determine, based upon the Settlement Class definition and the Plan of Allocation of the Net Settlement Fund, whether such claim is valid, deficient or rejected, subject to the supervision of Lead Counsel. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter as appropriate, describing the basis on which the claim was so determined.

(d)  As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

20.  The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any Person or entity to participate in the distribution of the Net Settlement Fund shall be under the authority of the Court.

21.  None of the Defendants, nor any other Released Party, shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

22.  Only Settlement Class Members and Plaintiffs' Counsel shall have any rights to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

23. All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

24. As set forth in the Stipulation, immediately after payment of the Settlement Fund into the Escrow Account, and without further order of the Court, Lead Counsel may pay from the Escrow Account all reasonable Notice and Administration Costs actually incurred. Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Settlement Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid to Defendants or to any other Person who paid any portion of the Settlement Fund as set forth in the Stipulation.

25. Unless otherwise provided in the Stipulation or ordered by the Court, there shall be no distribution of any of the Net Settlement Fund to any Settlement Class Member until a plan of allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

26. In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be

- 11 -

1065346_1

introduced as evidence or referred to in any actions or proceedings by any person or entity, the parties to the Stipulation shall be restored to their respective positions in the Actions immediately before June 5, 2015, and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Stipulation and any related orders had not been entered, and the balance of the Settlement Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded as set forth in the Stipulation.

27. Pending final determination of whether the Settlement should be approved, Plaintiffs and all Members of the Settlement Class, and each of them, and any Person who or which acts or purports to act on behalf of any of them, shall not institute, commence or prosecute any action that asserts any of the Settlement Class Members' Released Claims against any of the Released Parties.

28. The Court retains exclusive jurisdiction over the Actions to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED: Dec. 30, 2015

*[Signature: Loretta A. Preska]*

~~THE HON. MIRIAM GOLDMAN CEDARBAUM~~
UNITED STATES DISTRICT JUDGE